## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH PORCHIRAN,** | ) | |
| | ) | |
| | ) | **Civil Case No.:** |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | **TYPE OF PLEADING**: |
| | ) | |
| **DEREK DAYOUB,** Individually and | ) | COMPLAINT. |
| in his Official Capacity as a Police Officer for | ) | |
| Smith Township, Washington County | ) | |
| | ) | |
| | ) | **FILED ON BEHALF OF:** |
| and | ) | Kenneth Porchiran, Plaintiff |
| | ) | |
| **TOWNSHIP OF SMITH,** | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| jointly and severally. | ) | **COUNSEL OF RECORD:** |
| | ) | Noah Geary, Esquire |
| | ) | Suite 225 |
| | ) | Washington Trust Building |
| | ) | Washington, PA 15301 |
| | ) | 724-222-3788 |
| | ) | Pa. I. D. # 78382 |

**JURY TRIAL DEMANDED.**

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KENNETH PORCHIRAN**, ) | |
| ) | |
| ) | **Civil Case No.:** |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **DEREK DAYOUB,** Individually and in his ) | |
| Official Capacity as a Police Officer for Smith ) | |
| Township, Washington County ) | |
| ) | |
| and ) | |
| ) | |
| **TOWNSHIP OF SMITH,** ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Jointly and severally. ) | |

**COMPLAINT.**

    **AND NOW COMES** the Plaintiff, Kenneth Porchiran, by his lawyer, Noah Geary, who

submits as follows:

    1.    Plaintiff Kenneth Porchiran is an adult individual residing at 30 Run Street,

Slovan, Pennsylvania, Washington County, 15078.

    2.    Defendant Derek Dayoub, in his Official Capacity, is an adult individual who at

all times material was acting under color of state law as a Police Officer for Smith Township

whose place of employment was in Smith Township, Washington County, Western District of

Pennsylvania.

3.     Defendant Derek Dayoub, Individually, is an adult individual whose address is 1463 B Spreading Oak Drive, Pittsburgh, PA, County of Allegheny, Western District of Pennsylvania.

4.     Defendant Smith Township is a political subdivision of the Commonwealth of Pennsylvania, duly organized as a Township and possessing the power to sue and be sued.

5.     The Township of Smith is vested with the management and administration of law enforcement in the Township, by and through its agency, the Smith Township Police Department, in which it is further vested with the supervision and training of its police officers.

6.     Defendant Derek Dayoub is an adult individual who was employed as a police officer with the Smith Township Police Department, and who regularly performed his duties at 1848 Smith Township State Road, Slovan, Washington County, PA 15021. At all times material, Dayoub was employed as a police officer and responsible for all duties associated with said position in the Department. This action is undertaken against Dayoub in his official capacity as an agent, employee, official and officer of Smith Township, as well as against him individually.

7.     At all times material, the Defendants, individually, collectively and/or in concert, acted under color of state law.

8.     This action arises under the Constitution of the United States of America, particularly the Fourth Amendment to the Constitution of the United States of America, and under the laws of the United States of America, particularly the Civil Rights Act Title 42, U.S.C.§ 1983.

9.     The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. §§ 1331 and 1343.

10.     Venue is proper in this district because it is where all the parties reside and where the deprivations of the Plaintiff's constitutional and civil rights occurred.

### STATEMENT OF CLAIM.

11.     The above paragraphs are incorporated herein as though set forth fully.

12.     On or about April 5, 2008, the Plaintiff was on his motorcycle driving home from Biac's Tavern.

13.     Plaintiff's home is located approximately 100 yards from Biac's.

14.     Plaintiff, while driving his motorcycle, violated no traffic laws.

15.     Officer Dayoub, on patrol on behalf of Smith Township, followed Plaintiff in a marked vehicle.

16.     Plaintiff, after signaling properly, pulled into his yard, parked his motorcycle, and began walking to his doorstep.

17.     Without any provocation from the Plaintiff whatsoever, either verbal or physical, Dayoub tackled the Plaintiff from behind, slamming Plaintiff face-first onto concrete pavement, with Dayoub falling on top of the Plaintiff.

18.     Dayoub stomped on the Plaintiff's face, tasered the Plaintiff in the kidneys, and assaulted the Plaintiff.

19.     Dayoub tasered Plaintiff despite the fact that Dayoub was not even certified to use a Taser.

20.     Dayoub then filed 17 charges against the Plaintiff, including driving while under the influence, resisting arrest, harassment, and disorderly conduct.

21.     The filing of the charges caused the Plaintiff to hire a criminal defense lawyer to defend against the charges, all of which, as detailed below, lacked probable cause.

4

22.     On March 13, 2009, all charges were dismissed against the Plaintiff by Court Order of Washington County Court of Common Pleas Judge John DiSalle, with Court Costs placed on Washington County. The basis for the dismissal was the fact that all of the charges were unsupported by probable cause, and due to the fact that Dayoub was found to have a pattern of using excessive force when dealing with citizens, was charged criminally in at least one other matter with assault, and used excessive force in a number of other cases.

**COUNTS I. II. AND III.: EXCESSIVE FORCE, FALSE ARREST AND MALICIOUS PROSECUTION.**
**Violation of Title 42 U.S.C. Section 1983**

**KENNETH PORCHIRAN VS. ALL DEFENDANTS.**

23.     The above paragraphs are hereby incorporated by reference as though set forth fully.

24.     The force employed by Dayoub in seizing the Plaintiff's person was excessive, was objectively unreasonable, and violated the Plaintiff's constitutional and civil rights to be free from the use of excessive force in the course of an arrest, which was a false arrest as well, because it was unsupported by probable cause. Under the totality of the circumstances, the force used by Dayoub was excessive and unreasonable: Plaintiff posed no threat to Dayoub or anyone else, Plaintiff was not trying to evade Dayoub, nor did Plaintiff provoke Dayoub in any way.

25.     As a direct and proximate cause of Officer Dayoub's use of excessive force, the Plaintiff sustained, inter alia, the following injuries:

a.     physical injuries, pain, suffering, inconvenience, loss of enjoyment of life, humiliation, embarrassment, permanent damage to his reputation, emotional distress, lost wages, and incurred medical bills;

5

b.    the loss of his Motorcycle;

c.    the loss of his 2001 Tractor Trailer Freightliner Truck

d.    incurred substantial debt;

e.    incurred legal fees to defend against the charges.

26.    Defendant Smith Township encouraged Officer Dayoub to engage in the use of excessive force by repeatedly failing to appropriately discipline Dayoub, despite the fact that Dayoub had continually engaged in the unlawful use of excessive force and in repeated, serious police misconduct involving unprovoked violence.

27.    Defendant Smith Township established, developed, and ratified Dayoub's use of excessive force by having a custom and/or policy or practice of failing to provide appropriate training, discipline or instruction and/or follow-up care for officers regarding the use of reasonable force.

28.    Defendant Smith Township encouraged the use of excessive force by failing to take appropriate disciplinary action despite being on notice of repeated instances of the use of excessive force by Officer Dayoub and other Officers.  As a result of these failures, Defendant Smith Township failed to protect the public.

29.    The policy, practice and the custom of Smith Township [Police Department] is that when police officers use excessive force, other officers do not intervene to prevent the use of the illegal force, nor report the use of excessive force.

30.    With respect to allegations of excessive force reported by its citizens, it is the policy, practice and custom of Smith Township to conduct a minimal investigation which is designed to exonerate the officer involved rather than discover the true facts of the incidents.

31.     Accordingly, under <u>Monell</u>, Defendant Smith Township is liable for the excessive force employed by Officer Dayoub against this Plaintiff because it is the policies, practices, and customs of Smith Township which were the actual moving force behind the deprivation of Plaintiff's Fourth Amendment rights.

32.     Furthermore, Plaintiff's arrest was not supported by probable cause.

33.     Specifically, no reasonable suspicion or probable cause existed to follow the Plaintiff, nor approach him whatsoever, nor file any charges against him. No reasonable police officer would have concluded that Plaintiff had just committed a crime, was in the course of committing a crime, or was about to commit a crime.

34.     Plaintiff's person was seized by being tackled from behind without any provocation or warning and slammed face-first to black-top pavement, and he was charged with 17 criminal offenses.

35.     The above-described actions therefore constituted a false arrest of the Plaintiff.

36.     As a direct and proximate cause of the false arrest, Plaintiff sustained injuries as set forth earlier in this Complaint, for which he seeks damages.

37.     Furthermore, the Defendants initiated criminal proceedings against Porchiran without probable cause and did so maliciously, for a purpose other than to seek justice, and at the expense of and through the deprivation of the civil and constitutional rights of the Plaintiff.

38.     The conduct of the Defendants was done to deprive and did deprive Plaintiff of the rights guaranteed him under the United States Constitution, including but not limited to his 4th Amendment right to be free from a prosecution which lacked probable cause.

39.     As plead in paragraph 22. of this Complaint, the criminal proceedings initiated against the Plaintiff ultimately resolved in his favor.

40.     Accordingly, the prosecution of the Plaintiff constituted a malicious prosecution.

41.     As a direct and proximate cause of the malicious prosecution, Plaintiff sustained injuries, as specified earlier in this Complaint, for which he seeks damages.

**WHEREFORE**, Plaintiff demands a trial by jury, compensatory damages and judgment against Defendants jointly and severally, in an amount in excess of $75,000.00, plus costs, reasonable attorney fees and such other relief as the Court deems proper.

Respectfully submitted,

/s/ Noah Geary
Noah Geary, Esquire
Suite 225
Washington Trust Building
Washington, PA 15301
724 222-3788

## VERIFICATION:

I, **Kenneth Porchiran**, hereby verify that the foregoing statements are made to the best of my knowledge, information and belief. I make this Verification subject to **Title 18 Pa.C.S.A. Section 4904**, relating to Unsworn Falsification to Authorities.


April 3, 2010                              /s/ Kenneth Porchiran
                                           Kenneth Porchiran