| | | |
|---|---|---|
| KENNETH PORCHIRAN, | ) | |
| | ) | Civil Action No. 2:10-cv-00441 |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID S. CERCONE |
| v. | ) | |
| | ) | |
| DEREK DAYOUB, Individually and | ) | |
| in his Official Capacity as a Police Officer for | ) | |
| Smith Township, Washington County, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| and | ) | |
| | ) | |
| TOWNSHIP OF SMITH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| Jointly and severally. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, Derek Dayoub and Township of Smith, through their attorneys, Thomas, Thomas & Hafer, LLP, respectfully submit the following Answer and Affirmative Defenses to Plaintiff's Complaint:

### FIRST DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. Defendants admit the averments of Paragraphs 1 and 3 of the Complaint.

3. Defendants deny the averments of Paragraphs 14, 24, 25 through and including 33, 35, 36, 37, 38, 40, and 41 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief as to the accuracy of the averments of Paragraph 13 of the Complaint, such that said averments are deemed to be denied.

5. In response to Paragraphs 11 and 23 of the Complaint, Defendants incorporate by reference their responses, as set forth herein, to Paragraphs 1 through 41 of the Complaint.

6. In response to the averments of Paragraph 2 of the Complaint, it is admitted that Defendant Dayoub is an adult individual who, at all relevant times, acted in his official capacity as a duly appointed officer of the Smith Township Police Department.

7. The averments of Paragraph 4 of the Complaint are admitted to the extent that Smith Township is a political subdivision of the Commonwealth of Pennsylvania; is organized as a Second Class Township pursuant to Pennsylvania law; and, accordingly, possesses all powers of a Second Class Township as set forth in applicable state law. To the extent that the averments of Paragraph 4 are contrary to or inconsistent with such law, the same are denied.

8. The averments of Paragraph 5 of the Complaint are admitted to the extent that Smith Township possesses the powers and duties of a Second Class Township as provided by applicable state law. To the extent that the averments of Paragraph 5 are contrary to or inconsistent with such law, the same are denied.

9. In response to the averments of Paragraph 6 of the Complaint, it is admitted that Defendant Dayoub is an adult individual who, at all times relevant to the claims set forth in the Complaint, was employed by Smith Township as a police officer, and, in that capacity, had the powers and duties set forth in state and/or local law applicable to municipal police officers. It is admitted that the offices of the Smith Township Police Department are located at the referenced address. It is admitted that, by virtue of the allegations of the Complaint, Plaintiff purports to sue Defendant Dayoub in both his official and individual capacities.

10. In response to the averments of Paragraph 7 of the Complaint, the Township can only act through its officials and agents. It is admitted that Defendant Dayoub, at all relevant

times, acted in his official capacity as a duly appointed police officer of Smith Township.

11. In response to Paragraph 8 of the Complaint, it is admitted that, by virtue of the allegations set forth in the Complaint, Plaintiff asserts a Fourth Amendment claim pursuant to 42 U.S.C. § 1983. It is denied that Defendants have violated Plaintiff's Fourth Amendment rights.

12. In response to Paragraph 9 of the Complaint, it is admitted that, by virtue of the allegations set forth in the Complaint, this Court has subject matter jurisdiction over the claims asserted by Plaintiff in this action.

13. In response to Paragraph 10 of the Complaint, it is admitted that, by virtue of the allegations set forth in the Complaint, venue is proper in this Court. It is denied that Defendants have deprived Plaintiff of any constitutional and/or civil rights.

14. The averments of Paragraph 12 of the Complaint are admitted to the extent that, on April 5, 2008, Defendant Dayoub observed Plaintiff operating a motorcycle on the wrong side of State Route 18. Defendants are otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 12.

15. The averments of Paragraph 15 of the Complaint are admitted in part and denied in part. It is admitted that Defendant Dayoub was on patrol in his capacity as a police officer employed by Smith Township, and was traveling in a Smith Township police vehicle, when he observed Plaintiff traveling on the wrong side of the roadway. It is denied that Defendant Dayoub was "following" Plaintiff prior to the traffic stop.

16. The averments of Paragraph 16 of the Complaint are denied as stated. After parking his motorcycle, Plaintiff stumbled and fell, then stumbled toward the front door of his home. Answering Defendants are otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 16.

17. The averments of Paragraph 17 of the Complaint are denied in part, and denied as stated in part. It is denied that Defendant Dayoub tackled Plaintiff from behind or "slamm[ed] Plaintiff face-first" onto the pavement. To the contrary, while Defendant Dayoub was in the course of conducting a lawful arrest of Plaintiff, including for the offense of driving under the influence of alcohol, Plaintiff pushed Dayoub and attempted to flee into his home, such that Dayoub had to physically hold Plaintiff to prevent him from leaving the scene. Plaintiff resisted, and in the course of the struggle, both Plaintiff and Dayoub fell to the ground, with Plaintiff landing on his back. Plaintiff then locked Dayoub, who landed on top of Plaintiff, into a "bear hug" style hold which Dayoub was unable to break.

18. The averments of Paragraph 18 of the Complaint are denied in part, and denied as stated in part. It is admitted that Defendant Dayoub, because he was unable to break Plaintiff's hold and Plaintiff refused to stop resisting after 3 warnings, delivered a single Taser burst to Plaintiff's lower backside region to cause Plaintiff to release the hold. It is denied that Dayoub stomped on Plaintiff's face, assaulted Plaintiff, or tasered Plaintiff "in the kidneys."

19. The averments of Paragraph 19 are admitted in part and denied in part. It is admitted that Defendant Dayoub tasered Plaintiff, as set forth in Paragraph 18 hereinabove. It is denied that Defendant Dayoub was not certified to use a Taser.

20. The averments of Paragraph 20 of the Complaint are denied as stated. As a result of the above-referenced incident, Plaintiff was charged with 2 counts of DUI, and 1 count each of failure to keep right; operating an unregistered vehicle; operating a vehicle without required financial responsibility; reckless driving; harassment; resisting arrest; and disorderly conduct. Said charges are a matter of public record, and the averments of Paragraph 20 are denied to the extent that they are inconsistent therewith.

21. In response to the averments of Paragraph 21 of the Complaint, it is denied that Defendants lacked probable cause for the arrest and charges. Defendants are otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 21.

22. In response to the averments of Paragraph 22 of the Complaint, it is admitted that, on or about March 13, 2009, Judge DiSalle of the Court of Common Pleas of Washington County granted Plaintiff's Motion for Nolle Prosequi with respect to the charges stemming from the incident of April 5, 2008. It is denied that Defendant Dayoub has a history or pattern of using excessive force against citizens. It is admitted that a charge is pending against Defendant Dayoub in an unrelated proceeding, which is a matter of public record. Defendants are otherwise without knowledge or information sufficient to admit or deny the averments of Paragraph 22.

23. In response to the averments of Paragraph 34 of the Complaint, Defendants incorporate by reference their responses to Paragraphs 17 and 20 of the Complaint.

24. In response to the averments of Paragraph 39 of the Complaint, it is admitted that, on or about March 13, 2009, Judge DiSalle of the Court of Common Pleas of Washington County granted Plaintiff's Motion for Nolle Prosequi with respect to the charges stemming from the incident of April 5, 2008.

25. Any remaining averments set forth in the Complaint which are not specifically admitted in the preceding paragraphs are hereby denied.

### THIRD DEFENSE

26. At all relevant times, Defendant Dayoub acted reasonably and in good faith, and/or reasonably believed that his conduct was authorized or required by law and/or not contrary to any clearly established law, thereby entitling him to qualified immunity in accordance with established federal jurisprudence, and official immunity pursuant to Pennsylvania law.

## FOURTH DEFENSE

27. At all relevant times, probable cause existed for Defendants' actions with respect to Plaintiff.

## FIFTH DEFENSE

28. Defendant Dayoub used no more than the amount of reasonable force necessary to effect the lawful arrest of Plaintiff.

## SIXTH DEFENSE

55. Any force used by Defendant Dayoub to effect Plaintiff's arrest was reasonable and justified pursuant to 18 Pa.C.S. § 501 *et seq.*

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

By: _____

Thomas P. McGinnis
Pa. ID # 46666
Karin Romano Galbraith
Pa. ID # 92068
Counsel for Defendants

One Oxford Centre
301 Grant Street
Suite 1150
Pittsburgh, PA 15219
412-697-7403